UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

WILLIAM COLLINGTON
1430 SARATOGA AVENUE, N.E.#5
WASHINGTON, D.C.   20018
    (PLAINTIFF)

-VS-                                     1:07-CV-482   CCK

OFFICER MICHAEL JENKINS
METROPOLITIAN POLICE 5th PRECINT
BLADENBURG ROAD , N.E.
WASHINGTON, D.C.   20018
    (DEFENDANT)

APRIL 10, 2007

MOTION FOR APPOINTED COUNSEL

PLAINTIFF NOW PETITION THE COURT WITH A MOTION FOR APPOINTED COUNSEL.

PLAINTIFF WILLIAM COLLINGTON WAS GRANTED MOTION FOR LEAVE TO PROCEED IN 'FORMA PAUPERIS'  BY JUDGE EMMET G. SULLIVAN  ON MARCH 8 2007.

RESPECTFULLY SUBMITTED,

*[signature: William Collington]*

WILLIAM COLLINGTON
1430 SARATOGA AVENUE, N.E. #5
WASHINGTON. D.C 20010
(202) 635-4158

RECEIVED
APR 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


WILLIAM COLLINGTON
1430 SARATOGA AVENUE, N.E. #5
WASHINGTON, D.C.   20018
   (plaintiff)


  -VS-                                                                    1:07-CV-482    CCK


OFFICER MICHAEL JENKINS
METROPOLITIAN POLICE 5th PRECINT
BLADENBURG ROAD, N.E.
WASHINGTON. D.C.   20018
   (defendant)                                                    APRIL 10, 2007



MEMORANDUM TO SUPPORT MOTI0N
FOR APPOINTED COUNSEL


THE FACTS ABOUT MY CASE IS AS FOLLOWS: ABOUT SEPTEMBER 2006

I HAD TO GO TO THE FIFTH PRECINT TO INQUIRE ABOUT MY PROPERTY

AND ABOUT THE VICTIM COMPENSATION PROGRAM, THE OFFICER AT

THE PRECINT DESK THAT EVENING WAS OFFICER VOGELZON.

I THE PLAINTIFF ASKS THE DESK SGT. VOGELZON ABOUT MY PROPERTY

AND HE MADE A RACIAL SLUR. "I'M NOT IN A RUSH TO HELP NO NIGGER'

SO I REPLY TO THE OFFICER THAT "IWAS A CITIZEN OR THE PUBLIC AND

THAT HE OFFICER VOGEL WAS A CIVIL SERVANT-PUBLIC SERVANTAND IT

IS MY LAWFUL RIGHT TO ASK HIM FOR MY PROPERTY'.

RECEIVED

APR 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SINCE HE WAS THE OFFICER-IN-CHARGE OF THE PRECINT DESK. THEN OFFICER VOGELZON SAID, 'SO YOU ARE SMART, I'LL GET YOU BEFORE THE NEW YEAR, I GOT YOUR ADDRESS'. I THEN REPLY, "MR. I AM OLD AND DON'T DO DRUGS INSIDE OR OUTSIDE MY HOUSE AND I AM ONLY AN ALCOHOLIC, SO YOU WILL NEVER HAVE ANY REASON TO COME INTO MY HOUSE'. TWO BLACK FEMALE OFFICERS WAS ALSO ON DUTY THAT EVENING, OFFICER HICKS WAS ONE OF THEM THAT HEARD HOW OFFICER VOGEL MADE THE RACIST SLUR. I ASK HICKS WHAT WAS THE OFFICER NAME, SHE SAID "VOGELZON'.

THE NEXT MORNING I WENT TO THE GENERAL COUNSEL OFFICE AND SPOKE TO MS. MACALAHAN WHO CALL THE FIFTH PRECINT AND ASK WHO WAS THE SHORT, WHITE, FAT, BALD-HEADED OFFICER I WAS TRYING TO DESCRIBE.

I THE PLAINTIFF HEARD SOMEONE SAY 'SGT. HOOP', SO I SAID MAYBE THAT IS THE ONE WHO MADE THE RACIST SLUR AND THREATHENING REMARK. FAILING TO REALIZE THAT OFFICER HICKS HAD TOLD HIS NAME WAS VOGELZON.

GENERAL COUNSEL MS. MACALAHAN TOLD ME TO GO TO TH E INTERNAL AFFAIRS OFFICE ON 51 N STREET, N.E. AND REPORT THE INCIDENT.

UPON GOING TO INTERNAL AFFAIRS THERE, I MET TWO WHITE OFFICERS, ONE LATINO LOOKING OFFICER AND THE OTHER INTRODUCE HIMSELF AS OFFICER MASADA. BOTH INTERNAL AFFAIRS OFFICERS SAID "WE NOT GOING TO DO NOTHING IS YOU FOOLING YOURSELF'.

I GOT UP AND LEFT THE ROOM AND WENT HOME.

NOW THE ACTUAL DAY I WENT TO THE GENERAL COUNSEL AND INTERNAL AFFAIRS CAN BE FOUND IN THE LOG-IN BOOK AT THE SECURITY GUARD FRONT DESK OF 51 N STREET, N.E.

THIS INCIDENT MAY BE THE TRIGGER WHY OFFICER VOGELZON NAME APPEARS ON BOTH SEARCH WARRANT TO MY HOME NOVEMBER 23, 2006 AND DECEMBER 28, 2006

ON NOVEMBER 23, 2006 A SEARCH WARRANT WAS EXECUTED ON MY HOME BY OFFICERS MICHAEL JENKINS AND VOGELZON.

UPON ENTERING MY HOME, OFFICERS FOUND MR. GARY BAKER A 7 FOOT BLACK MALE MARRIED TO A WHITEWOMAN WITH THREE TEENAGE CHILDREN, WHO WAS TEMPORARILY STAYING WITH ME DUE TO A DOMESTIC QUARBLE. MR. BAKER PAID ME RENT TO STAY IN MY HOUSE TEMPORARILY (3-4 DAYS).

THE OFFICERS FOUND MR. GARY BAKER WATCHING THANKSGIVING DAY FOOTBALL GAME ON T.V. AND ARRESTED HIM. THEY THE OFFICERS PROCEEDED TO KICK-IN MY BEDROOM DOOR THAT HAD A DEADBOLT LOCK AND THEN KICK-OPEN MY BEDROOM CLOSET THAT HAD A DEADBOLT LOCK ON IT, AND ALLEGEDLY FOUND A SMALL BAG OF MARIJUANA NEXT TO 8 PAIR OF WOMEN PANTIES. $310 WAS FOUND IN THE BEDROOM CLOSET ALONG WITH INCENSE AND BODY OIL BOTTLES, NUMBEROUS BOTTLES OF COLOGNE, PERSONAL MAIL MATTER, I.D., A

BULLET SOUVENIR.

I GOT 22 CALIBER AND 32 CALIBER BULLET HOLES IN MY LEFT LEG A SOUVENIR OF TEENAGERS OUTSIDE AND ONE 32 BULLET I PICKED-UP I THE PLAINTIFF WAS AT THE GROCERY STORE BUYING BEER AND SNACKS FOR THE THANKSGIVING DAY FOOTBALL GAME WE WERE WATCHING AT HOME, AND BEFORE I RETURN MR. GARY BAKER WAS ARRESTED AND CARRIED AWAY.

        WHERE IS PROBABLY CAUSE???

THE PROSECUTOR WAS MOST LENIENT AND REFUSE TO PROSECUTE AND "NO PAPER" THE CASE.

I THE PLAINTIFF ASK FOR THE RETURN OF THE MONEY BECAUSE THERE WAS NO DRUG DEALING, DRUG MONEY, OR DRUG TRAFFICING INVOLVED. ANY AND ALLCHARGES OF NOVEMBER 23, 2006 WAS "DROP", "NO PAPER", AND "THROWN-OUT OF COURT" AGINST MR. GARY BAKER AND ME THE PLAINTIFF.

UNITED STATES PROSECUTOR'S OFFICE CLERK, SAUNDERS FOUR CONSECUTIVE DAYS STRAIGHT REDUNDANTLY INSTRUCTED PLAINTIFF TO ASK THE DEFENDANT, OFFICER JENKINS TO BRING PROPERTY RELEASE 81-C FORM TO THE PROSECUTOR'S OFFICE TO BE SIGN.

THE DEFENDANT JENKINS SAID PLAINTIFF COLLINGTON MUST CIVIL FORFEIT TH MONEY, AND THE MAIL MATTER WILL BE KEPT-IN-EVIDENCE AND LATER DESTROYED.

AS YOU MAY HAVE SEEN ATTACHED TO THE ORIGINAL COMPLAINT THAT

THE PITIFUL AMOUNT OF $310 WAS TO BE USE TO PAY MY CREDIT CARD BILL.

THESE OFFICERS VOGELZON AND JENKINS WAS IN THE FIRST CREW OF POLICE THAT CAME IN MY HOME NOVEMBER 23, 2006 AND THE SECOND CREW OF POLICE OFFICERS DECEMBER 28, 2006. IT WAS THE SECOND TIME DECEMBER 28, 2006, THAT I OVERHEARD THE OFFICER SAY "DON'T LET HIM SEE ME", AND THAT'S WHEN OFFICER HARDING HAND-CUFF, PUSH MY HEAD DOWN, AND PUSH ME OUT THE DOOR, DOWN THREE FLIGHTS OF STAIRS TO THE BASKSEAT OF THE SQUARD CAR. THEN THE OFFICERS INSIDE PROCEEDED TO SEARCH MY HOME WHILE I WAS OUTSIDE.

I THE PLAINTIFF, WILLIAM COLLINGTON A.K.A. WILLIAM CAVE, DOCUMENTS ATTACHED TO ORIGINAL COMPLAINT, IS ASKING COURT FOR APPOINTED COUNSEL.

IN THE INTEREST OF JUSTICE, FAIRPLAY, AND 'DUE PROCESS'.

POLICE OFFICERS ASK MY LANDLORD'S LAWYER MS. LISA DESSEL TO EVICT ME AND THAVE ME THROWN-OUT ON THE STREET, BEFORE THIS DECEMBER 28, 2006B CASE CAN BE TRIED IN COURT ON ITS MERITS MAY 24, 2007

---- EVICTION NOTICE ATTACHED---.

IS THIS STANDARD OR THE REGULAR PROCEDURE FOR THE POLICE TO ASK THE LANDLORD TO EVICT A TENENT BECAUSE THE ACCUSED ASK FOR THE RETURN OF THEIR MONEY???

I AM A SECTION 8, INDIGENT GRANTED 'FORMA PAUPERIS' BY JUDGE SULLIVAN MARCH 8, 2007.

I AM NOT EDUCATED IN LAW TO DEFEND MYSELF, SO I AS A CITIZEN I BEG THE COURT 'IS THERE A SUPREME COURT CONSTITUTION RIGHT TO ASK THE COURT FOR APPOINTED COUNSEL.

THE POLICE, OFFICER JENKINS AND VOGELZON SEIZE MY MONEY AGAIN DECEMBER 28, 2006, PLANTED THREE BAGS OF BROWN COCAINE IN MY HOME AND MS. ANNA MARIE PAUL OBSERVED THIS AND WILL TESTIFY TO THAT.      SEE MOTION TO AMEND TO ORIGINAL COMPLAINT

THE POLICE THEN ASK MY LANDLORD TO EVICT ME.

I THROW MYSELF ON THE MERCY OF THE COURT AND I BEG THE COURT FOR APPOINTED COUNSEL.

RESPECTFULLY SUBMITTED,

*[signature: William Collington]*

WILLIAM COLLINGTON
1430 SARATOGA AVENUE, N.E. #5
WASHINGTON, D.C.    20018

NOTICE TO QUIT AND VACATE FOR VIOLATION
OF LEASE AND FEDERAL LAWS AND REGULATIONS
RELATING TO SECTION 8 TENANTS; AND TERMINATION NOTICE

TO:        William Collington
ADDRESS:   1430 Saratoga Ave., N.E. #5, Washington, D.C. 20018

In accordance with the District of Columbia Rental Housing Act of 1985, D.C. Code §42-3505.01, et seq., The United States Housing Act of 1937, 42 USC 1437d, et seq., 24 C.F.R. § 247.3 and §247.4(a), 24 CFR §800, et seq., 24 CFR §982, et seq., and the terms of your lease, you are hereby given thirty (30) days notice to quit and vacate 1430 Saratoga Ave., N.E. #5, Washington, D.C. 20018 which you now occupy as a tenant.

The reason and/or grounds upon which the landlord seeks possession and termination of the tenancy are as follows:

You are in violation of paragraphs 13, 23, 25 and 27 of your lease and paragraphs 7,8,10 and 21 of the rules and regulations incorporated into your lease. You and/or your household members, guests or others under your control have engaged in illegal drug activity on or near the premises. You and/or your household members, guests or others under your control have engaged in criminal activity that threatens the health, safety, or right of peaceful enjoyment of the premises by other residents and by persons residing in the immediate vicinity of the premises and by on-site property management staff responsible for managing the premises.

[handwritten: CASE DISMISSED →]

Specifically, on or about November 28, 2006, members of the Metropolitan Police Department ("MPD") executed a search warrant at your unit, at which time officers recovered marijuana and drug paraphernalia.

[handwritten: ← Police CANNOT PRODUCE the Employee NOT TRIAL YET]

Further, within the approximately 72 hours preceding December 22, 2006, MPD, with the use of a special employee, conducted a controlled purchase of crack cocaine from inside your unit. As a result of the purchase, MPD obtained a warrant to search your unit. On or about December 27, 2006, MPD executed on that search warrant at your unit, at which time officers recovered cocaine, marijuana, drug paraphernalia and currency. You were arrested as a result of the aforementioned search(es), and are being criminally prosecuted on drug charges.

This notice will expire as of the end of thirty (30) days from the date this notice is served upon you, not counting the date of service, by which time you must surrender the premises to the landlord. If you remain in the leased unit after this date, the landlord may seek to enforce this notice to quit and vacate and the termination of tenancy only by bringing a judicial action in accordance with the applicable provisions of the D.C. Code and federal laws and regulations. You will receive further notice of a particular hearing date in the Superior Court, Landlord and Tenant Branch, at which time you may present a defense and the right to possession will be decided, if necessary.

This notice is without prejudice to the rights of the landlord under any other notice which has been or may be served upon you. You will be required to pay rent until you actually vacate the premises. You are hereby informed that acceptance of any payments made to the landlord after the date of service of this Notice does not constitute an intent on the part of the landlord to waive any of its rights under this Notice. You are further advised that you are subject to the provisions of page 3 of this notice, if federal HUD Regulations govern your property.

Landlord Registration/Exemption:        *(signature)*
Number: 502604                          Lisa J. Dessel
(Exemption per §42-3502.05(a))          Agents and/or Attorneys for Landlord
                                        1615 L Street, NW, Suite 440, WDC 20036
                                        (202) 466-3883

cc:    Brookland Manor Apartments
cc:    Dept. of Housing & Urban Development, Section 8 Office
       1133 North Capitol St., NE, Washington, D.C. 20002
cc:    D.C. Dept. of Consumer and Reg. Affairs, Rental Accommodations and
       Conversion Division, 941 North Capitol Street, NE, RM 9100, Phone 442-8167
cc:    Regular and Certified Mail, Return Receipt Requested