# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM COLLINGTON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL JENKINS, )<br>)<br>    Defendant. )<br>                           ) | Civil No.  1:07-CV-00482 (CKK) |

## DEFENDANT'S MOTION TO DISMISS

Defendant Michael Jenkins, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), respectfully moves this Honorable Court to dismiss the case, because the amended complaint fails to put Defendant on notice of the claim(s) against him.  The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein.

Because this is a dispositive motion, no request for plaintiff's consent is required under Local Rule 7(m).

                                      Respectfully submitted,

                                      PETER J. NICKLES
                                      Interim Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      /s/ Kimberly M. Johnson
                                      KIMBERLY MATTHEWS JOHNSON [#435163]
                                      Section Chief
                                      General Litigation Section I

                                      /s/ Lucy Pittman
                                      LUCY PITTMAN [#483416]

Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 727-3625 (fax)
lucy.pittman@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM COLLINGTON,        )<br>                                              )<br>    **Plaintiff,**                         )<br>                                              )    Civil No.  1:07-CV-00482 (CKK)<br>    v.                                       )<br>                                              )<br>MICHAEL JENKINS,              )<br>                                              )<br>    **Defendant.**                      )<br>_____)  | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Michael Jenkins, by and through undersigned counsel, respectfully moves this Honorable Court to dismiss the amended complaint because Plaintiff's amended complaint fails to provide any factual allegation against Defendant, Officer Michael Jenkins, and fails to set forth a claim.

**STATEMENT OF FACTS**

Plaintiff filed the original complaint on March 14, 2007, which appears to allege the loss of money and personal property that were seized during the execution of a search warrant. (Complaint, pg. 2).  The total amount sought by Plaintiff for the alleged loss was $1988.[1] (Complaint, pg. 2).  Based on the docket, it appears that the same day the original complaint was filed, Plaintiff moved to amend his complaint.  The amended complaint was entered in the docket on March 23, 2007.

---

[1] Plaintiff does not specifically state a cause of action in his original complaint; however, a reasonable assumption was that Plaintiff alleged conversion of his money.  Because conversion is not a federal claim and the amount sought by Plaintiff was less than $5000, the Court with jurisdiction of the matter is the Small Claims Branch of the Superior Court.  However, as discussed herein, the amended complaint is less clear and reasonable assumptions are more difficult to make.

The amended complaint names Officer Michael Jenkins as the sole defendant in the caption of the case.  However, as detailed below, Plaintiff fails to allege that Officer Jenkins did anything.  In fact, Officer Jenkins' name only appears in the text of the amended complaint twice, at the beginning when Plaintiff alleges that Officer Jenkins and other police officers executed a warrant at Plaintiff's home, and again at the end of the amended complaint when Plaintiff seeks relief in the form of "everything defendant owns."  (Amended Complaint, pg. 1, 5-6).  The remainder of the amended complaint contains factual allegations concerning non-parties, to include: Officer Harding, an unnamed female officer, and other unnamed officers. (Amended Complaint, pg. 2-5).  The factual allegations include:

- Plaintiff was handcuffed and searched by Officer Harding (Amended Complaint, pg. 2);
- Plaintiff was pushed down three flights of steps by Officer Harding (Amended Complaint, pg. 3);
- An unnamed female officer planted drugs in Plaintiff's home (Amended Complaint, pg. 3);
- Unnamed officers destroyed Plaintiff's property (Amended Complaint, pg. 3); and
- Unnamed officers removed property from Plaintiff's home (Amended Complaint, pg. 4-5).

Plaintiff states that the unnamed officers "violated citizen, Plaintiff Collington['s] Civil Rights, Peer Group, Private Social Circle, Private Social Breeding Mores, and Invaded Plaintiff's Bedroom."  (Amended Complaint, pg. 4).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, __ U.S.

2

\_\_, 127 S. Ct. 2197, 2200 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1965.  Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability.  *Id.*

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, 127 S. Ct. at 1964).  At the same time, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## ARGUMENT

### Amended Complaint Should be Dismissed for Failure to Provide Defendant Notice of Allegations and for Failure to State a Cognizable Claim

Pleadings from *pro se* litigants are generally interpreted liberally.  *See Tripati v. Williams*, 759 F. Supp. 3, 4 (D.D.C. 1990).  However, even with such a liberal review, Plaintiff's amended complaint is inadequate under the Rules of this Court.  *See id.* (stating that "even a *pro se* complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.") (citation and quotation omitted).

Rule 8 requires that Plaintiff provide:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , [and]
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 8(a) (1-2).

3

Plaintiff's amended complaint fails to comply with the requirements of Rule 8. The amended complaint does not provide a jurisdictional statement, which would permit Defendant and the Court to determine if there is a federal cause of action. The original complaint, which to some extent was more clear, permitted a reasonable assumption that Plaintiff was alleging conversion of his money and property and that the amount sought was under $5000. Accordingly, based on the allegations of the original complaint, jurisdiction would not lie in this Court; rather the Small Claims Branch of the Superior Court would be the appropriate forum to determine an allegation of local law. *See* D.C. Code § 11-1321 (2001 ed.). However, the amended complaint is less clear. Plaintiff has not indicated under what theory he believes jurisdiction lies in this Court and the factual allegations do not provide sufficient information to permit a reasonable assumption. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-128 (U.S. 1974) (stating that "[t]he federal questions must be disclosed upon the face of the complaint, unaided by the answer.") (internal quotation omitted).

In addition, the amended complaint's vague factual allegations fail to comply with the requirement to provide a short plain statement of the claim. Defendant Jenkins is entitled to such a statement to put him on notice of the claim against him. Rule 8 contains the basic requirement that a complaint put the defendant on notice of the claim(s) against him by providing a specific allegation. *See Gilbert v. Chertoff*, 2006 U.S. Dist. LEXIS 74857, *5-6 (D.D.C. Sept. 28, 2006) (stating that "[t]he purpose of Rule 8's requirement is to give [f]air notice to defendant of the claims being asserted, sufficient to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies.") (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977); *see also Tripati*, 759 F.Supp. at 4.

4

In this case, the amended complaint does not allege *any* factual allegation against Officer Jenkins. Rather the amended complaint alleges certain facts against individuals who are not parties to this lawsuit and provides conclusory assertions that Plaintiff's rights were violated by unnamed officers. (Amended Complaint, pg. 4). These conclusory assertions do not satisfy the requirements of Rule 8(a)(2). The amended complaint does not permit Defendant to file a responsive pleading, prepare an adequate defense, or determine if *res judicata* applies, and therefore the amended complaint must be dismissed.

WHEREFORE, Defendant respectfully requests this Court dismiss the Plaintiff's amended complaint.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON [#435163]
Section Chief
General Litigation Section I

/s/ Lucy Pittman
LUCY PITTMAN [#483416]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9891 (phone)
(202) 727-3625 (fax)
lucy.pittman@dc.gov

Filed: March 20, 2008